State of CONNECTICUT, ex rel. Richard BLUMENTHAL, Attorney General, Town of North Stonington, Town of Ledyard & Town of Preston, Plaintiffs–Appellants,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF INDIAN AFFAIRS, Gale Norton, Secretary of the Interior, Aurene M. Martin, Acting Assistant Secretary—Indian Affairs, Terrance L. Virden, Deputy Commissioner of Indian Affairs, Defendants–Cross–Defendants–Appellees,

Paucautuck Eastern Pequot Tribe, Intervenor–Defendant–Cross–Claimant–Appellee,

Eastern Pequot Indians of Connecticut, Intervenor–Defendant–Appellee.

No. 03–6142.

United States Court of Appeals, Second Circuit.

May 24, 2004.

Richard Blumenthal, Attorney General for the State of Connecticut (Susan Quinn Cobb, Mark F. Kohler, Assistant Attorneys General; Benjamin S. Sharp, Donald C. Baur, Perkins Coie, LLP, Washington, DC, Hartford, CT., for Appellants, of counsel.

Kathryn E. Kovacs, U.S. Department of Justice (Kelly A. Johnson, Acting Assistant Attorney General; John T. Stahr, Maureen E. Rudolph, Roger Martella, U.S. Department of Justice; Barbara Coen, U.S. Department of the Interior, Washington, DC, for the U.S. Department of the Interior, of counsel.

Robert D. Tobin, Tobin, Carberry, O'Malley, Riley, Selinger, P.C., New London, CT, for the Eastern Peguot Indians of Connecticut.

PRESENT: McLAUGHLIN, SACK, Circuit Judges, and GERSHON, District Judge.*

## SUMMARY ORDER

Plaintiffs-appellants the State of Connecticut and the towns of North Stonington, Ledyard, and Preston appeal from an April 23, 2003, order of the district court granting the defendants' motion to dismiss the plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The plaintiffs' complaint related to petitions by the Paucautuck Eastern Pequot Tribe and the Eastern Pequot Indians of Connecticut for federal acknowledgment pursuant to Bureau of Indian Affairs ("BIA") regulations contained in 25 C.F.R. Part 83. The plaintiffs asserted, *inter alia,* that (1) the BIA's retroactive establishment of an April 5, 1999, cutoff date after which evidence submitted would not be considered in the BIA's production of Proposed Findings with respect to the petitions was fundamentally unfair and violated the Administrative Procedure Act ("APA"); (2) the BIA's establishment of cutoff dates in general was invalid absent notice-and-comment rulemaking; (3) the failure of the Proposed Findings to declare whether the petitioners comprised two tribes or one tribe with factions in the post–1973 period constituted an unlawful withholding of agency action and violated the APA; and (4) the BIA's February 11, 2000, directive declaring that BIA staff were not to conduct substantial independent research in processing petitions violated due process and the APA. The district court concluded that it lacked jurisdiction over these claims because no final agency action was at issue and no

agency action had been unlawfully withheld.

We review dismissals for lack of subject matter jurisdiction *de novo.* *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).

Although Connecticut and the three towns, all of whom are "interested parties" in the tribal acknowledgment process by virtue of 25 C.F.R. § 83.1, raise substantial questions about the fairness of the acknowledgment process in this case and about whether the BIA's February 11, 2000, directive required notice and comment under the rulemaking procedures set forth in Section 553 of the APA prior to taking effect, we conclude that the plaintiffs' challenges are not ripe for judicial review. Although the BIA has issued a Final Determination with respect to the petitions, the plaintiffs have filed a request for reconsideration by the Interior Board of Indian Appeals pursuant to 25 C.F.R. § 83.11(a)(1). This administrative appeal is still pending. We conclude that until the Board's review is complete, the plaintiffs neither have suffered nor will suffer harm sufficiently concrete to warrant judicial intervention in the BIA acknowledgment proceedings. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 90 (2d Cir.2002); *Occidental Chem. Corp. v. Fed. Energy Regulatory Comm'n,* 869 F.2d 127, 129 (2d Cir.1989).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.